King, J.,
delivered the opinion of the court.
This was an action, brought to recover on a life insurance policy, in which the verdict and judgment were for the plaintiff.
On the 22nd day- of September, 1905, Pauline Klein made written application to The Germania Life Insurance Company of New York for $1,500 insurance on her life. Among other things, she stated that she was fifty years of age at her nearest birthday; a resident of the city of Pueblo, Colorado; had not had any of the diseases inquired of in the medical examination; had never *328 consulted a physician; had never removed to benefit her health, and did not contemplate a change of residence.
The application was accepted and policy issued at the home office in New York under date of October 19, 1905, and policy delivered to the insured at Pueblo about the last of October. Immediately thereafter she returned to Philadelphia, Pennsylvania,, whence she had come during the previous June, and at which place she died on January 10, 1906. Death was caused by carcinoma of the gall bladder.
The defense to the action on the policy was, in substance, that insured had understated her age by thirteen years; that she had secured the insurance by false representations of facts material to the risk; that the,statements and representations made in her application were warranties, and that there was a breach of such warranties.
The policy states that “The Germania Life Insurance Company of the City of New York in consideration of the representations made in the application for this policy, which application is hereby made the basis of, and a part of, this contract, and of the payment * * * does hereby promise and agree,” etc. By this provision of the policy, it is plain that the application as a whole is made the- basis of and a part of the contract. What -constitutes the application is declared and agreed upon as follows:
“It is hereby declared and agreed that all the statements- and - representations contained in the foregoing -application hnd those contained in the declarations made ’ to the Medical Examiner, which, together with this Declaration of; Agreement, constitute an application to The ' Germania Life Insurance Company of New York for an • insurance upon the life of the undersigned Pauline Klein in the amount of fifteen hundred dollars, are offered to *329 the said Company as a consideration of the contract applied for; each of which statements and answers, whether written by his or her own hand or not, every person-whose name is hereto subscribed adopts as his or her own, admits to be material, and warrants to be full, com-píete and true, and to be the only statements given to the Company in reply to its inquiries, and upon which, should the insurance applied for be granted, the Com-. pany’s contract will be founded.”
The application proper, including this declaration and agreement, and also the answers made to the questions asked by the medical examiner, were subscribed by Pauline Klein, so that by the express terms of both the policy and the application, all these statements, representations and declarations, by whatever name they may be called, became a part of the contract of insurance, and the basis upon which the policy was issued.
The evidence .conclusively showed, and the jury found, that at the time of- making the application, insured was sixty-three years of age at her nearest birth-' day, instead of fifty years of - age as stated in her application, and for that reason the verdict was returned and judgment rendered for $898.42, the amount of insurance which the premium actually paid would have purchased at the age of sixty-three years.
The evidence as conclusively showed that for at least four years before she made her application, the insured had been consulting a physician for some ailment or disease, and that from about April 4,, 1904, to the time of her death, with the exception of the few months she resided or visited in Colorado, she had been treated for carcinoma of the liver. Dr. C. H. Lefcowitch, a practicing physician of Philadelphia, a graduate of Jefferson Medical College of that city, and for some years assistant surgeon to the Philadelphia Polyclinic Hospital, testified that he was physician for said Pauline Klein from .Sep *330 tember 12, 1901, to November 26, 1905; tbat prior to April 4, 1904, be bad treated ber at various times for gastro-intestinal derangement, and from said April 4tb for carcinoma of tbe liver, and bad been consulted by ber just previous to ber departure for Colorado; tbat upon return of tbe insured to Philadelphia be treated ber from November 21st to November 26th, inclusive, for the same disease. Prom about December 1,1905, to tbe time of ber death slie was attended by Dr. Fussell, assistant professor of medicine at tbe University of Pennsylvania, chief of tbe medical dispensary of and lecturer on diseases of tbe liver at tbat institution, and also physician to some, hospitals in tbat city, a practicing physician of twenty-two years’ experience. Tbe disease was diagnosed by him as carcinoma of tbe liver, and so treated. However, an autopsy performed by him and bis associates disclosed tbat tbe carcinoma was of tbe gall bladder, with secondary deposits or infiltration into tbe liver and duodenum; that tbe gall bladder was entirely, destroyed, and tbat death ensued from carcinoma of tbat organ, instead of tbe liver; tbat what during life bad been regarded as a malignant tumor of tbe liver was a prolapsed and prolonged lobe of tbat organ, projecting into tbe abdomen below tbe ribs," but it was not carcinomatous, at least until of a recent date, and not tbe cause of ber death. Tbe testimony of both Dr. Lefcowitch and Dr. Fussell was by deposition, and for tbat reason tbe verdict of tbe jury is not conclusive on this court as to tbe veracity of those two witnesses, even though it be conceded tbat the opinion of either of them as to tbe time tbe fatal disease originated conflicts with other opinion evidence.
Tbe testimony of Dr. Lefcowitcb tbat be bad been consulted by and bad treated tbe insured at various times for several years, and tbat for' at least a year prior to tbe time ber application for insurance was made bad re *331 garded and treated the disease as chronic carcinoma, is neither disputed by any other witness nor in any substantial respect discredited in the slightest degree. His veracity is in no degree impeached by the slight inaccuracy of his diagnosis. The fact of consultation was conclusively established, and the jury should have been so instructed.
Under this condition of. the contract of insurance and of the evidence, the court instructed the jury that under the provisions of the policy the statements of Pauline Klein contained in the application, and her declarations to the medical examiner, were not warranties, but representations only, and, if false, would not affect the validity of the policy unless they related to statements material to the risk and were fraudulently made with intention to deceive; and unless they found that such false statement had been made with such intention to deceive, the verdict should be for the plaintiff; and also instructed the jury that, even though the statement that she had consulted no physician was false, the policy ■would not thereby be avoided, unless the jury further found that in making such statement she had not made the answer in good faith.
As we view the case, it is not necessary for us to determine whether the statements and declarations contained-in the application are warranties, or representations only, as the latter term is used to distinguish statements and declarations that are express warranties from those -which are not. For the purpose of determining this case, it will be assumed that by virtue of the clause in the policy which recites that “in consideration of the representations made in the application for this policy,” the company “does hereby promise and agree,” etc,, the statements and declarations contained in the-application 'are made representations, and not express warranties. A false statement or declaration of a fact material to *332 the risk, and upon which the policy is based, will avoid the policy,' whether that misrepresentation be the result of intention or of mistake, and whether made in good faith or not. so made. Such misrepresentation is as fatal to the policy as a breach of warranty. — 1 May on Insurance, sec. 181; 3 Cooley’s Briefs on Law of Insurance, pp. 1950a to 1954d; Trav. Ins. Co. v. Lampkin, 5 Colo. App., 177-183, 38 Pac., 335; Sun Fire Office v. Wich, 6 Colo. App., 103, 39 Pac., 587; Des Moines Life Assn. v. Owen, 10 Colo. App., 131, 134, 50 Pac., 210; Nat. Mut. Fire Ins. Co. v. Duncan, 44 Colo., 472, 476, 98 Pac., 634, 20 L. R. A. (N. S.), 340; Northwestern L. A. Co. v. Tietze, 16 Colo. App., 205, 64 Pac., 773; Am. Bond & Trust Co. v. Burke, 36 Colo., 49, 58, 85 Pac., 692; 2 Cooley’s Briefs on Law of Insurance, p. 1166. The foregoing authorities, including the decisions of the highest courts of this state, we regard as conclusive on the proposition that if representations made in answer to specific questions materiál to the risk are untrue, the policy will thereby be rendered void, and that it is immaterial whether such answers be considered warranties or representations, or whether they were made with intention to deceive the insurer or without such intention.
In our opinion, no inquiry was made in the' instant case; or can be made, more material to the risk and more essential to properly advise the company contemplating or considering the issuance of a policy, and which would .more' probably influence it in determining whether it would enter' into the contract, than the question as to whether the' applicant had consulted a physician, or what physician 'she had consulted. It is in evidence that this answer was relied on by the company in approving the application. If the applicant had truthfully' answered that she had consulted and been treated by Dr. Lefcowitch, inquiry could have been made of him, and it will be presumed that the company would have been informed *333 that he had diagnosed her case as carcinoma of the liver and had so treated it, and there is little reason to donbt that such information would have so influenced the defendant in this case that it would have declined the application. It appears that the applicant had not been advised, by the doctor she consulted, of the gravity of her ailment or disease as diagnosed'by him; but the fact of the consultation of a physician or its materiality does not depend upon the gravity of thé subject of the interview as regarded by the patient; and while such a representation may at times be found and held to have been immaterial to the risk, and if false not prejudicial because' the consultation was in fact, both from the viewpoint of the patient and of the physician consulted, for a merely temporary ailment, that fact cannot avail plaintiff in this ease, where the materiality of the representation has been so fully and conclusively shown by the evidence. That statements to consultations of or attendance by physicians under such circumstances are material to the risk, and if false avoid the policy to the same extent as if-they had been express warranties, is supported by both reason and authority. — 25 Cyc., 801, 806; 2 Cooley’s Briefs on Law of Insurance, p. 1166; Metropolitan Life Ins. Co. v. Brubaker, 78 Kan., 146, 96 Pac., 62, 18 L. R. A. (N. S.), 362, 130 Am. St. Rep., 356, 16 Ann. Cas., 267; 3 Cooley’s Briefs on Law of Insurance, p. 2156a; Rigby v. Metropolitan Life Ins. Co., 240 Pa., 332, 87 Atl., 428; Owen v. Metropolitan Life Ins. Co., 74 N. J. Law, 770, 67 Atl., 25, 122 Am. St. Rep., 413; Bryant v. Mod. Woodmen, 86 Neb., 372, 125 N. W., 621, 27 L. R. A. (N. S.), 330, 21 Ann. Cas., 365; Schwarzbach v. Ohio Val. Protective Union, 25 W. Va., 622, 52 Am. Rep., 227; Kasprzyk v. Metropolitan L. I. Co., 79 Misc. Rep., 263, 140 N. Y. Supp., 211; Trav. Ins. Co. v. Lampkin, 5 Colo. App., 177, 38 Pac., 335; 3 Cooley’s Briefs on Law of Insurance, pp. 1953c, 1959; Mattson v. Mod. Samaritans, 91 Minn., 434, 98 N. W., 330. *334 There should he no deviation from this rule as to untrue answers in an application in regard to matters material' to the risk and which are within the knowledge of the applicant.
The instruction that the false representation of a matter material to the risk would not avoid the policy, unless made with intention to deceive and defraud the insurer, was erroneous. — 2 Cooley’s Briefs on Law ,of Insurance, p. 1166, and cases cited. The contention made by appellee that this instruction was cured by another, or others, is untenable. That feature or phase of the first instruction was aggravated by other instructions, except in so far as the second instruction was diametrically opposed to and inconsistent with the first, and in so far as those two instructions are inconsistent and irreconcilable with each other, and one of them wrong, they- make the instructions bad as a whole.
The representations as to her age and consultation of - physicians were of matters presumably within the personal knowledge of the applicant (the first approximately), and were so grossly false that, whether attributed to ignorance so dense as to be almost incredible, or to an intention and design to deceive and defraud, being material, they constituted fraud in law. The first misrepresentation, by the terms of the contract, defeated the policy pro tanto, the other in its entirety.
In view of the conclusion we have reached, that a 'material false representation made by the insured to the insurer was shown by uncontradicted evidence, it was error- to submit that question to the jury as a question in dispute. — Des Moines Life Ass’n v. Owen, 16 Colo. App., 60, 63 Pac., 781; City of Denver v. Murray, 18 Colo. App., 142,-70 Pac., 440; Weston v. Livezey, 45 Colo., 142, 100 Pac., 404; Webster v. Rhodes, 49 Colo., 203, 112 Pac., 324.
*335 Tlie judgment is reversed, and cause remanded with instructions to enter judgment for the defendant.

Reversed.